UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIRECTV, INC.,
 a California corporation

    Plaintiff,

v.                                    Case No. 8:03-CV-939-T-27EAJ

DENNIS LOPEZ,

    Defendant,

and

UNITED STATES POSTAL SERVICE,

    Garnishee.

REPORT AND RECOMMENDATION

Before the court is **Defendant's Claim for Exemption and Request for Hearing** (Dkt. 23) filed on February 1, 2005.  This matter was referred to the undersigned by the District Judge on April 26, 2005.  An evidentiary hearing on Defendant's Claim for Exemption was held on May 20, 2005.  (Dkt. 24)

Background

On May 15, 2003, Plaintiff filed a complaint for damages and injunctive relief alleging violations by Defendant of the Federal Communications Act of 1934.  (Dkt. 1)  On August 4, 2003, Plaintiff filed a motion for entry of default judgment.  (Dkt. 4)  An order granting default judgment against Defendant was entered by the District Court Judge on August 22, 2003.  (Dkt. 13)

On July 21, 2004, Plaintiff filed a motion for a continuing writ of garnishment. (Dkt. 15) By order dated July 26, 2004, the court granted Plaintiff's continuing writ of garnishment. (Dkt. 16)

On January 18, 2005, Plaintiff served notice of the writ of garnishment on Defendant. (Dkt. 22) Defendant filed a claim for an exemption under section 222.11, Fla. Stat. and a request for hearing on February 1, 2005. (Dkt. 23) Defendant filed an affidavit claiming an exemption from garnishment of his wages because: (1) he is the head of household who provides more than one-half of the support of a child or other dependent, and (2) he has a prepaid collect trust fund. (Dkt. 23)

At the hearing, Defendant testified that he provides more than one-half of the support for his two nephews, Michael and James LeMontagne. Defendant stated that his nephews, ages fifteen and nineteen, have lived with him for the past seven years. Although Defendant's nephews spend time with their mother on weekends, evenings and during the summer months, Defendant testified that he provides more than fifty percent of the financial support for his nephews. For the past five years, Defendant has claimed one nephew, or both nephews, as dependants on his tax returns.[1]

---

[1] When James LeMontagne reached the age of eighteen, Defendant no longer claimed him as a dependant on his tax return.

2

In support of Defendant's assertion of financial support of his nephews, Defendant proffered an affidavit from his sister, the mother of Michael and James LeMontagne. In her affidavit, Defendant's sister contends that she suffers from a mental disability; she is unemployed; and she receives social security disability income. In addition, Defendant's sister asserts that the father of her children is in a mental institution and precluded by court order from contacting her sons. Finally, Defendant's sister asserts that Defendant provides more than one-half of the financial support for her sons.

Discussion

Defendant has the burden of proof to demonstrate he is entitled to a statutory exemption from garnishment of wages. <u>Cadle Co. v. G & G Assocs.</u>, 757 So.2d 1278, 1279 (Fla. 4th DCA 2000). Florida has a long-standing policy that favors liberally construing exemption statutes in favor of debtors. <u>Goldenberg v. Sawczak</u>, 791 So.2d 1078, 1081 (Fla. 2001). Courts examine the totality of the circumstances to determine whether a statutory exemption is applicable. <u>In re Pettit</u>, 224 B.R. 834, 829 (Bank. M.D. Fla. 1998).

Under section 222.11(2)(b), "disposable earnings of a head of family, which are greater than $500.00 a week, may not be attached or garnished unless such person has agreed otherwise in writing." Fla. Stat. § 222.11.(2)(b). Whether an individual is a head of

household is a question to be resolved on the facts of each case. Holden v. Estate of Gardner, 420 So.2d 1082, 1083 (Fla. 1982). In order to establish head of household, there must be two or more persons living together in a family relationship with one family member either legally or morally obligated to provide support for other members who are dependent upon him. See Matter of Mitchell, 26 B.R. 36, 38 (M.D. Fla. 1982). A defendant in a garnishment action need not reside in same house with wife or children to qualify as head of household; it is the obligation to support coupled with the dependency on that obligation that controls. Killian v. Lawson, 387 So.2d 960, 961 (Fla. 1980). Under Fla. Stat. 222.11, affidavits of the defendant and family members stating that defendant provides more than one-half of support for his children or dependents are sufficient to establish the head-of-family exemption under the statute. See Hill v. Haywood, 735 So.2d 539, 541 (Fla. 2d DCA 1999).

Here, Defendant has meet his burden of proof that he is entitled to claim an exemption as head of household. Defendant's testimony as well as supporting affidavits establish that Defendant provides more than one-half of the financial support for one of his nephews, Michael LeMontagne. Although there is no legal written obligation on Defendant's part to support his nephew and his nephew lives with his mother part of the year, Defendant financially supports this child and has assumed this responsibility as a moral

4

obligation to his sister and her children.  Consequently, Defendant is qualified to claim an exemption as head of household under the applicable statute and the writ of garnishment should be dissolved.

### Conclusion

The court finds that Defendant is entitled to the statutory exemption as head of household from the garnishment of his wages. Accordingly, the court **RECOMMENDS** that **Defendant's Claim for Exemption** (Dkt. 23) be **GRANTED** and the continuing writ of garnishment should be dissolved.

Dated: May 24th, 2005

ELIZABETH A JENKINS
United States Magistrate Judge


Case Number: **Case No.: 8:03-CV-339-T-27EAJ**


### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. 636(b)(1).

Copies to:

5

Counsels for Plaintiff:
  David E. Borack

Defendant via certified mail at:
  Dennis Lopez
  15420 Livingston Ave.
  Apt. 1510
  Lutz, FL  33559

Garnishee:
  United States Postal Service
  Manager, Payroll Benefits Branch
  Involuntary Deductions Unit
  2825 Lone Oak Parkway
  Eagan, MN 55121-9650